STEPHEN YAGMAN
723 Ocean Front Walk
Venice, California 90291-3212
(310) 452-3200

Attorney for Stephen Yagman

FILED
CLERK, U.S. DISTRICT COURT
AUG 10 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STEPHEN YAGMAN, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | No. CV-10-9033-SVW **PETITIONER'S REPLY ON HIS *EX PARTE* APPLICATION FOR AN ORDER THAT THE LIMITED, IMPLIED WAIVER OF ATTORNEY-CLIENT PRIVILEGE ORDERED ON JULY 29, 2011 BE EFFECTUATED BY DEPOSITION** (08-09-11) Judge Stephen V. Wilson |

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The appropriate manner to have addressed the issues raised would have been for respondent's counsel, Beong-Soo Kim, to have contacted petitioner to have given notice of his intention to make an *ex parte* application, to have discussed the matter, and to have determined whether there were any matters on which agreement could have been reached. That would have been fruitful because, as has been seen, petitioner would have agreed that there had been a limited, implied waiver of attorney-client privilege, as he did when the matter was put before the court. Then, the manner in which discovery would be gotten could have been discussed.

Unfortunately, Mr. Kim didn't follow this path and instead both tardily and hurriedly rushed into court without having given any notice to petitioner. Because of this the court and petitioner had to be bothered with matters that otherwise could have been resolved. Mr. Kim's statement that he carried out his duty to contact petitioner by "indirectly" contacting petitioner by contacting petitioner's former, appellate counsel is lame nonsense. Mr. Kim knew who now represented petitioner: petitioner. Also, Mr. Kim failed to include in his *ex parte* application Judge Wilson's requirement that the opposing party is required to be notified that a response to an *ex parte* application is due by 3:00 p.m. on the day after it has been served.

Moreover, rather than propose any way in which to effectuate the waiver, instead Mr. Kim lay in the weeds and only now has popped up to concede that he cannot simply chat[1] with petitioner's former appellate counsel, but to oppose the

[1] In *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997), the court held that "allowing Respondent to have informal and unlimited contact with Petitioner's former counsel," that is exactly what respondent's counsel here tried and continues to try, "would not adequately safeguard Petitioner's interest in protecting the scope

method of deposition sought by petitioner, and to request that interrogatories be used.

This proposal should be denied if only because respondent's counsel didn't go about this matter timely or in the proper way and broke virtually every applicable procedural rule, as he continues to do (with, for example, an ineffective proof of service in which someone in his office declares under penalty of perjury not any facts, but instead what her future intention is[2]). Surely, the lawyers in respondent's counsel's office, including Mr. Kim, can learn and learn to follow all of the rules. Indeed, their and Mr. Kim's sole job is seeking to punish *others* who break rules.

Respondent's counsel eleventh-hour request for interrogatories is too little, too late. There is no persuasive reason why a deposition is not appropriate

Last, misleadingly, Mr. Kim says "[p]ursuant to the Ninth Circuit's holding in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) [and it again is not noted that this was an *en banc* decision], the government proposes the following procedures for obtaining information regarding attorney-client communications

---

of his implied waiver[] [and t]herefore, counsel for Petitioner should be given the opportunity to protect Petitioner's interests in a more formal and regulated setting[] . . . a deposition setting . . . ." *Ibid.* (citation and internal quotation marks omitted).

[2] Also, Mr. Kim's memorandum is unsigned, in clear violation of Rule 11(a), F.R. Civ. P., and L.R. 11-1, both of which require that the memorandum be stricken. (It is insufficient that the response that precedes the memorandum is signed, because court papers properly are signed at their ends and not preceding them. It is requested that the memorandum be stricken and that the pending application be granted as unopposed. *Ibid.* Petitioner does not waive this point by arguing the merits. Also, by the vague and ambiguous way in which respondent's counsel structure their signature lines, with two names beneath it and the indication of signature by a simple "/s" on the line above, it is impossible to know which of them, or whether both of them, signed it. Rule 11 provides for the identification of the actual signer of all papers.

that fall within the partial waiver resulting from defendant's [and Mr. Yagman here is not a "defendant," but is a petitioner] ineffective assistance of counsel claim[] [to wit, interrogatories] . . . ." Resp. at 8:18-25. Of course, Mr. Kim provides no pinpoint citation or quotation, and the reason is that there is nothing in *Bittaker* about interrogatories, as it addresses only a deposition. For Mr. Kim to have cited this case as his authority for propounding interrogatories is dishonest and unethical, because the case says nothing about interrogatories.

## 2. THE CONTROLLING LAW

Mr. Kim cites the inapposite *Bittaker*, yet too conveniently by half Mr. Kim ignores and does not mention or discuss petitioner's citation to *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997), that provides for depositions in these circumstances.

Mr. Kim also persists in ignoring, though it also has been cited to him, or does not acknowledge it, because it does not suit his purpose, that there is a legal procedure to follow here. It is set forth in the Section 2255 Rules that "govern a motion filed in a United States district court under 28 U.S.C. § 2255." Section 2255 Rule 1.

Rule 6, Discovery, provides for what properly should have been sought by Mr. Kim and what properly should occur, to wit:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. ***The request must also include any proposed interrogatories*** and requests for admission, and must specify any requested documents.
>
> **(c) Deposition Expenses.** If the government is granted leave to take a

deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition.

(Bolding in original; emphasis added.)

Though this provision was cited in petitioner's prior papers, still Mr. Kim ignores it: specifically, he asks for interrogatories but has failed to "***include any proposed interrogatories*** . . . ." (Emphasis added.) Rule 6(b) imperatively provides that Mr. Kim "***MUST***" have done this. But he did not. Thus, his request to be permitted to utilize interrogatories must be denied. Surely, Mr. Kim is required to follow some rules. Indeed, the use of interrogatories is mandatory and they may not be used unless there has been compliance with Rule 6(b). That should doom and end Mr. Kim's request for interrogatories. Indeed, Judge Wilson didn't let plaintiffs' civil rights lawyer Tom Beck get away with this sort of stuff in *Martel v. County of Los Angeles*, 56 F.3d 993 (9th Cir.), *cert. denied*, 516 U.S. 944 (1995), and now it shouldn't let Mr. Kim get away with it.

Mr. Kim initially could have sought interrogatories but he did not do that. Instead, he sought to stiff-in a chat with Dean Chemerinsky, and that was improper. Mr. Kim now knows about these § 2255-specific rules of practice and procedure not only because, as he states elsewhere, he and his co-counsel have handled so many of these § 2255 matters, but also because petitioner told him about them. But he didn't mention or use these rules. He just ignores them. He continues to ignore all controlling law and seeks to support his request with an inapposite case.

Nothing Mr. Kim says supports his contention that interrogatories "will be the most efficient manner in which to proceed." Resp. at 3:26-28. It is merely his *ipse dixit*.

Mr. Kim's derogatory statement about "based on the history of this case" does not apply in any wise to petitioner, and applies only to Mr. Kim. *Id.* at 4:1.

*Viz.* Mr. Kim's violation of virtually every rule of procedure and citation to a wholly inapposite case, *Bittaker*.

There simply is no support for Mr. Kim's speculation that a deposition "almost certainly [will] result in numerous objections that ultimately have to be briefed to and decided by this Court . . . ." Resp. at 4:1-3. Mr. Kim only can predict his own behavior, and if that is how *he* would behave it should not redound to *his* benefit. Moreover, substantively, all objections, no matter in deposition or in interrogatory responses, would need to be ruled on by the court.

Unfortunately, though Mr. Kim sought that this court declare a waiver of attorney-client privilege, he did not suggest any manner to effectuate the waiver. It then fell to petitioner to address that issue.

There is no support for Mr. Kim's speculation that a deposition "will also be inefficient," *id.* at 8:13, or that "defendant will likely make numerous objections at the deposition." *Id.* at 8:14. The same would be true for interrogatories. If Mr. Kim were to perform as he did at Mr. Cymrot's deposition, and again not figure out how to propound proper questions, of course that would create a problem. But, as at the Cymrot deposition, that would be a problem of his own making. But it is a zero sum, and hence a neutral, point that all "objections," no matter where made, "will then have to be briefed and resolved by this court." *Id.* at 8:15-16.

In no event, should Dean Chemerinsky be called upon to make any objections. The privilege belongs not to him, but to petitioner.

None of Mr. Kim's points has any merit.

**3. THE INFORMATION SOUGHT PURSUANT TO THE "LIMITED," IMPLIED WAIVER ORDERED BY THE COURT WILL NOT BE ABLE TO BE PROPERLY "LIMITED" UNLESS THE COURT ORDERS THAT IT BE GOTTEN IN A DEPOSITION.**

The use of interrogatories is not appropriate. It is not on Dean Chemerinsky to make any objections: he no longer is petitioner's lawyer and the privilege does

not belong to Dean Chemerinsky and is personal to petitioner. The least inconvenience to Dean Chemerinsky would be for him just to answer questions in his own office and not to have to do any research or writing, or to make any objections. Moreover, a deposition would provide the appropriate flexibility for both sides to discuss and attempt to resolve objections on the spot, which petitioner will attempt to do, and without having to do it formally or having to involve the court, which interrogatories surely would not accomplish. Nor should the court get involved with any in-court hearings that otherwise might be unnecessary. The parties should cooperate. The court shouldn't always be burdened.

The court should order that Mr. Kim notice Dean Chemerinsky's deposition at a time and in a place convenient to Mr. Kim, petitioner, and Dean Chemerinsky, and that this be done by telephone communication among the three of them, and then a deposition notice issued and filed with the court. Only in this way can the fact that the implied waiver is "limited," as recognized by the court, be effectuated, so that petitioner can object on a question-by-question basis.

Mr. Kim cites *Bittaker v. Woodford*, 331 F.3d 715, 717 (9th Cir. 2003) (*en banc*), to support his request to use interrogatories but includes no pinpoint citation.

The court should not permit a government lawyer to break and/or ignore all of the rules of practice and procedure and then jump up as though he were in Burger King and have his own way.

Last, it is hypocritical, not to mention self-contradictory, for Mr. Kim now to argue, and with no citation to any authority whatsoever, that there should be confidentiality as to any matter, in light of his strong opposition to petitioner's request that petitioner's filings in this matter be made under seal. Mr. Kim previously argued strenuously that there is a strong public interest in and right to

access that trumped confidentiality and sealing in this action. Based on his argument, this court rejected *petitioner's* request to seal his memoranda in support of his petition. There is no basis for confidentiality or any protective order or for filing under seal, nor is there any discussion of why this should be. Moreover, there is no argument why there be any in-court proceeding.

## 4. CONCLUSION

For each and all of the reasons set forth by petitioner, in the instant memorandum, in his substantive opposition to respondent's prior *ex parte* application, and in petitioner's pending *ex parte* application, the court should issue the order sought by petitioner, for a deposition.[3]

Respectfully submitted,

By: [signature]
**STEPHEN YAGMAN**

[3] In the unlikely event a second deposition session is needed, petitioner will not object to that.

**CERTIFICATE OF SERVICE**

Respondent's counsel will be served electronically when the court files this paper.

SIGNATURE 08/09/11

SERVICE LIST

Beong-Soo Kim
1100
312 N. Spring St.
L.A., CA 90012